STATE EX REL. CRUMB, RELATOR, *v.* CITY OF HELENA
ET AL., RESPONDENTS.

(No. 2,229.)

(Submitted February 28, 1906.   Decided March 26, 1906.)

*Telephones—Regulation of Business—Constitutional Law—
Statutes—Municipal Corporations—Highways.*

Telephones—Construction and Maintenance—Constitution—Self-executing
Provisions.
   1.  Section 14, Article XV of the Constitution granting to any person
   or corporation the right to construct or maintain telegraph and tele-
   phone lines within this state, and providing that the legislature shall
   by general law enact reasonable regulations to give full effect to such
   grant, is not self-executing.
Telephones—Poles and Fixtures—Highways—Obstruction—Constitution.
   2.  In the absence of legislation making the grant contained in sec-
   tion 14, Article XV of the Constitution, relative to the right of any
   person to construct and maintain telegraph and telephone lines within
   this state, effective, the placing of poles and other fixtures, necessary
   for such business, in the public highways would constitute an unlawful
   obstruction thereof.
Telephones—Construction—Highways—Constitution—Statutes.
   3.  Any Act placed upon the statute books in obedience to the com-
   mand of the Constitution (Article XV, section 14), that such rea-
   sonable regulations shall be provided by law as to give full effect to
   the grant contained in said instrument conferring the right to place
   poles and other fixtures, necessary for the carrying on of a telegraph
   or telephone business in the public highways, upon any person or
   corporation wishing to engage in it, must not only be a general one
   of uniform operation, but one which will give *full,* not partial, effect
   to such constitutional grant.
Telephones—Construction—Municipal   Corporations—Highways—Constitu-
tion—Statutes.
   4.  *Held,* that Chapter LV of the Session Laws of 1905 (Laws of 1905,
   p. 122), authorizing any person or corporation desirous of engaging
   in the telegraph, telephone, electric light or power business, to con-
   struct the necessary poles and appliances along and upon any of the
   public highways, but adding that "the provisions of this Act shall
   not apply to public roads and highways within the limits of incor-
   porated cities or towns," is, as to this proviso, invalid, in that by
   its insertion the carrying on of such business would practically be
   confined to country districts, contrary to the purpose of the constitu-
   tional grant (Article XV, section 14) with respect to this subject.
Telephones—Construction—Cities and Towns—Highways—Statutes.
   5.  Subdivision 43 of section 4800 of the Political Code, as amended
   by Session Laws of 1897, page 203, which confers upon city or town
   councils the power to regulate the erection of poles, the stringing of
   wires, etc., within the corporate limits, does not supplement Chapter
   LV of the Laws of 1905 (Laws of 1905, p. 122), so as to render valid

the proviso of the latter Act, to-wit, that the right granted to persons desiring to engage in the telegraph or telephone business to erect the necessary appliances in the public highways does not apply to roads and highways within the limits of cities or towns, since upon failure of such body to legislate upon the subject, it may not be coerced into action.

Telephones—Construction and Maintenance—Regulation—Cities and Towns.
   6.  *Obiter:* After the legislature has complied with the constitutional mandate to provide by general law such reasonable regulations as will give full effect to the grant authorizing the construction and maintenance of telegraph and telephone lines within the state (Constitution, Article XV, section 14), it may empower cities and towns to enact such reasonable regulations for the conduct of such business as may be considered necessary.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

MANDAMUS by the state, on the relation of W. H. Crumb, against the mayor and city council of the city of Helena, to compel respondents to designate places for the erection of poles for a telephone system. From a judgment of dismissal, the relator appeals. Reversed.

*Mr. E. C. Day,* for Respondents.

Appellant contends that Chapter LV of the Acts of 1905 is unconstitutional, for the reason that if the court gives effect to the proviso of that Act it makes of incorporated cities and towns a separate class, and therefore the law is not uniform. This court in the case of *State ex rel. Telephone Co.* v. *Mayor,* 30 Mont. 338, 76 Pac. 758, construed the term "public roads" as used in Civil Code, section 1000, to include "streets" in cities and towns, because the legislature "has not attempted to make of streets a separate class of highways." But the Act of 1905 does attempt to make of streets in incorporated cities and towns a separate class. The Act of 1905 grants a general right of way for poles and wires over highways outside of incorporated cities and towns. The effect of the proviso is to make operative section 4800, subdivision 43, Political Code, by which the city or town council in incorporated cities and towns is given power "To regulate or suppress the erection of poles and the stringing of wires, rods or cables in the streets, alleys or within

the limits of any city or town." So that the legislature has provided for both classes of cases, by laws of uniform operation upon each particular class.

Is this classification unconstitutional? The classification of roads into those outside of incorporated cities and those inside of such cities, each to be governed by laws applicable to the respective class, does not violate the constitutional requirement of uniformity. The leading case upon this subject in Montana is the capital election case of *State ex rel. Lloyd* v. *Rotwitt,* 15 Mont. 29, 37 Pac. 845, where the court lays down the rule that a law is not unconstitutional which is general and uniform in its operation upon all persons in like situations, citing with approval *McAunich* v. *Mississippi etc. Ry. Co.,* 20 Iowa, 343. This is now the approved exposition of the law of uniformity as required by constitutional provisions. (*Ex parte Smith,* 38 Cal. 702; *Dougherty* v. *Austin,* 94 Cal. 633, 28 Pac. 834, 29 Pac. 1092, 16 L. R. A. 161; *Magoun* v. *Illinois T. & S. Bank,* 170 U. S. 283, 18 Sup. Ct. 594, 42 L. Ed. 1037, and cases cited.)

In view of the great development in the use of electricity in cities and towns, laws subjecting persons or corporations, engaged in the business of supplying electrical currents, to a stricter regulation in cities and towns than in the country are neither unreasonable nor arbitrary. (Cogswell on Law of Electricity, sec. 162 et seq.; *American Repid Tel. Co.* v. *Hess,* 125 N. Y. 641, 21 Am. St. Rep. 674, 26 N. E. 919, 13 L. R. A. 454; *People* v. *Squire,* 107 N. Y. 593, 1 Am. St. Rep. 893, 14 N. E. 820.)

*Mr. M. S. Gunn,* for Appellant.

The Act amending section 1000 by reason of the proviso excepting streets in cities and towns is not uniform, and is obnoxious to the provisions of section 14 of Article XV of the Constitution. It necessarily follows that either the proviso is invalid or the entire Act is unconstitutional. It would seem that the entire amendatory Act is unconstitutional, for the reason that to eliminate the proviso would be to extend the opera-

tion of the Act beyond what the legislative assembly intended. (*Sprague* v. *Thompson,* 118 U. S. 90, 6 Sup. Ct. 988, 30 L. Ed. 115; *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540, 22 Sup. Ct. 431, 46 L. Ed. 679; *Pollock* v. *Farmers' etc. Co.,* 158 U. S. 601, 15 Sup. Ct. 912, 39 L. Ed. 1108; *Poindexter* v. *Greenhow,* 114 U. S. 270, 5 Sup. Ct. 903, 962, 29 L. Ed. 185; *Johnson* v. *State,* 59 N. J. L. 535, 37 Atl. 949, 39 Atl. 646, 38 L. R. A. 373; *Ames* v. *People,* 25 Colo. 508, 55 Pac. 725; *State* v. *Sheriff,* 48 Minn. 236, 31 Am. St. Rep. 650, 51 N. W. 112; *Kellyville Coal Co.* v. *Harrier,* 207 Ill. 624, 99 Am. St. Rep. 240, 69 N. E. 927; *Union County Nat. Bank* v. *Ozan Lumber Co.,* 127 Fed. 206; *In re Wong Hane,* 108 Cal. 680, 49 Am. St. Rep. 138, 41 Pac. 693; Cooley's Constitutional Limitations, 7th ed., p. 246 et seq.)

If the entire Act is unconstitutional, then section 1000 of the Civil Code is still in force, because an unconstitutional Act is of no validity whatever and does not operate to repeal a law which it was intended to supersede. (*Campeau* v. *City of Detroit,* 14 Mich. 276; *Tims* v. *State,* 26 Ala. 165; *People* v. *Fleming,* 7 Colo. 230, 3 Pac. 70; *Copeland* v. *City of St. Joseph,* 126 Mo. 417, 29 S. W. 281; *State* v. *Hallock,* 14 Nev. 202, 33 Am. Rep. 559; *Barringer* v. *City Council,* 41 S. C. 501, 19 S. E. 745; *In re Rafferty,* 1 Wash. 382, 25 Pac. 465; *State* v. *County Judge,* 11 Wis. 50; *Carr* v. *State,* 127 Ind. 204, 22 Am. St. Rep. 624, 26 N. E. 778, 11 L. R. A. 370.)

It is immaterial, however, whether this court takes the view that the proviso is invalid, or the entire Act is unconstitutional. When the proviso is rejected the remainder of the section is the same as section 1000 of the Civil Code.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In April, 1905, this appellant, W. H. Crumb, made demand upon the mayor and city council of the city of Helena that they designate the places for the erection of poles and fixtures in and upon the streets, avenues, and alleys of that city for

the proper construction and installation of a telephone system, and permit the erection of such poles and fixtures and the placing of necessary wires thereon. Compliance with this demand was refused, and these proceedings begun. An alternative writ of mandate was issued and served, and upon the return a motion to quash the alternative writ and dismiss the proceedings was interposed and sustained, the proceedings dismissed, and a judgment in favor of the defendants entered, from which judgment this appeal is prosecuted.

Section 14 of Article XV of the Constitution of this state provides: "Any association, or corporation, or the lessees, or managers thereof, organized for the purpose, or any individual, shall have the right to construct or maintain lines of telegraph or telephone within this state, and connect the same with other lines; and the legislative assembly shall by general law of uniform operation provide reasonable regulations to give full effect to this section." Pursuant to this provision of the Constitution, section 1000 of the Civil Code was enacted. That section reads as follows: "A telegraph or telephone corporation, or a person, is hereby authorized to construct such telegraph or telephone line or lines from point to point, along and upon any of the public roads, by the erection of necessary fixtures, including posts, piers and abutments, necessary for the wires; but the same shall not incommode the public in the use of said roads or highways."

In 1905 the legislature amended this section by enlarging its provisions so as to make them applicable to electric light and electric power lines also, and adding this proviso: "Provided, however, that the provisions of this Act shall not apply to public roads and highways within the limits of incorporated cities or towns." (Session Laws, 1905, p. 122, Chapter LV.)

The question presented for determination here is: Does the Act of 1905 violate the mandate of the Constitution contained in section 14, Article XV, above? This section of the Constitution is not self-executing. Legislation must be had to make the right granted effective. If the legislature failed or refused to enact any measure on the subject at all, then

the right granted would simply lie dormant, for it must be conceded that there is not any power which can coerce the legislature into enacting a particular law. In the absence of legislation making the grant effective, it is of no use whatever. In the absence of legislation it would be an unlawful obstruction of any public highway to place poles, posts, or other fixtures for use of a telephone or telegraph line in it. The Constitution commands the legislature to enact a law upon the subject; but, if the legislature refuses to do so, there is not any way to enforce the command. If, however, the legislature does act, the law which it enacts must be a general one of uniform operation, providing reasonable regulations which will *give full effect* to the grant contained in the section of the Constitution quoted above. Does the Act of 1905 meet these requirements?

We may concede without discussion, for the purposes of this case, that it is a general law; that it is so far of uniform operation as not to violate the uniformity clause, and that, so far as it goes, its regulations are reasonable. But does it give, or tend to give, full effect or any practical effect to the grant contained in section 14 of Article XV above? That grant was not intended merely to enable telegraph and telephone lines to be constructed and maintained for the purpose of ornamenting railroad lines or public roads in county districts, but to enable the telegraph and telephone business, as such, to be conducted in this state. The Act of 1905 provides that the public roads and highways of the state may be utilized for the erection of necessary posts, piers and abutments for the stringing of wires, provided they are so used as not to interfere with or endanger the public in their use, but that this privilege shall only extend to public roads and highways outside of incorporated cities and towns.

However, counsel for respondents contends that this Act is fully supplemented by subdivision 43 of section 4800 of the Political Code, as amended by an Act of the Fifth Legislative Assembly, approved March 8, 1897 (Session Laws, 1897, p. 203), which reads as follows: "The city or town council has

power:  *  *  *   (43) To regulate or suppress the erection of poles and the stringing of wires, rods, or cables in the streets, alleys, or within the limits of any city or town.'' But, at most, this provision does not enable a corporation or individual wishing to engage in the telegraph or telephone business to do so. Even assuming for the sake of argument, that the legislature could delegate to incorporated cities and towns exclusive authority to legislate upon a subject with respect to which the Constitution says the legislature itself must act, this provision only leaves it to the option of the cities and towns to legislate upon this subject, and, if they do not do so, they cannot be coerced into acting any more than the legislature itself, and if they fail to enact any ordinances upon the subject at all, as they are left free to do, then we have an Act of the legislature which doubtless assumed to give effect to section 14 of Article XV above, but which in fact only permits the telegraph and telephone business to be carried on in the country districts of the state; for, the constitutional provision not being self-executing, and the Act of 1905 not applying to incorporated cities or towns, then, if the cities and towns fail to legislate upon the subject, the right granted by the Constitution in section 14, Article XV, above, can only be made useful in the country districts of the state.

A statute which provides that a corporation or individual, seeking to erect and maintain a line of telephone and engage in the telephone business, may erect and maintain such telephone line along the public roads and highways outside of incorporated cities and towns only, and which leaves the cities and towns free to refuse to enact legislation upon the subject and thereby prevent such business being conducted within those municipalities, does not give full effect, or any practical effect, to the grant contained in section 14, Article XV, above. In the *Red Lodge Case (State ex rel. Telephone Co.* v. *Mayor,* 30 Mont. 338, 76 Pac. 758) it is said: ''If the subordinate divisions of the state are vested with the authority either of preventing the construction of these lines, or of imposing restrictions which will have that effect, then the legislature has not

complied with this constitutional command." As said before, a failure on the part of a municipality to enact an ordinance upon the subject is just as effective means of prohibiting the business being conducted within the corporate limits of such municipality, as could possibly be devised.

When the constitutional provision above was adopted, it was common knowledge that practically the only use of the telephone was for commercial purposes, and that the great bulk of that business originated in, if it was not absolutely confined to, incorporated cities and towns, and, in order to secure the business and accommodate the public, the terminals for long distance lines and the local exchanges must of necessity be located in the business centers, where, as a matter of fact, they have always been located, and the grant was intended to enable a corporation or individual seeking to do so, to carry on the telephone business as it was done at the time the provision was adopted. To confine a telephone company or an individual operating a telephone line to country districts alone would defeat the very purpose of the grant. (*State ex rel. Tel. Co.* v. *Mayor,* 30 Mont. 338, 76 Pac. 758; *Chamberlain* v. *Iowa Tel. Co.,* 119 Iowa, 619, 93 N. W. 596.)

The command in section 14, Article XV, of the Constitution, above, to the legislature, is to pass a general law of uniform operation, with reasonable provisions, and which will enable the telephone business to be conducted in this state as it was generally conducted throughout the country in 1889; that is, access to the business centers—the cities and towns—must be granted, and any law which falls short of this does not comply with the constitutional provision above. Nothing said herein renders inoperative subdivision 43 of section 4800 above, as amended; for after the legislature has complied with the command of section 14, Article XV of the Constitution, by the enactment of such legislation as is there contemplated, it may then, doubtless, authorize cities and towns to make such reasonable rules and regulations for the regulation of such business as may be considered necessary. (*Red Lodge Case,* above, at page 346.)

In so far as the Act of 1905 fails to meet the requirements of section 14, Article XV of the Constitution, it is invalid. It is not necessary to consider in this case whether the whole of the Act of 1905 above is inoperative. The proviso is, and so far as this appellant is concerned, his rights are the same whether they be measured by the Act of 1905 or by section 1000 of the Civil Code. With the proviso eliminated from the Act of 1905, the conditions presented in this case are the same as in the *Red Lodge Case,* and the decision rendered therein is conclusive of this appeal.

The judgment is reversed, and the cause remanded to the district court, with directions to issue the writ of mandate as prayed for.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.

---

|    |     |
|----|-----|
| 34 | 75  |
| 34 | 425 |
| 34 | 586 |

