CITY OF BUTTE, RESPONDENT, *v.* MONTANA INDEPEND-
ENT TELEPHONE CO. ET AL., APPELLANTS.

(No. 3,504.)

(Submitted April 2, 1915.    Decided April 26, 1915.)

[148 Pac. 384.]

*Telegraphs and Telephones—Cities and Towns—Placing Wires*
*Underground—Ordinances—Constitution—Police Power.*

Telegraphs and Telephones — Cities and Towns — Placing Wires Under-
ground—Constitution.

1. *Held,* that a city ordinance requiring wires used for the transmis-
sion of electricity for telegraph and telephone purposes, among others,
to be placed underground in the congested business district, and
providing punishment for disobedience, was a valid exercise of the police
power, and that the contention that section 14, Article XV of the
state Constitution, lodged the authority to regulate the telegraph and
telephone business exclusively in the legislature, had no merit.

[As to poles and wires of telegraph and telephone companies in
streets and highways and across private property, see note in 28 Am.
St. Rep. 229.]

State Constitution—Nature of Instrument.

2. Speaking generally, the state Constitution is a limitation and not a
grant of powers.

Telegraphs and Telephones—Regulation—Cities and Towns—Powers.

3. By subdivisions 8 and 43, section 3259, Revised Codes, cities and
towns are given the power to regulate the use of streets by the erec-
tion of telegraph or telephone poles, the stringing of wires thereon, *etc.*
By section 4400 certain rights of telephone, telegraph and other com-
panies are defined, the section concluding: "Nothing herein shall be so
construed as to restrict the powers of city or town councils." *Held,*
that by this latter provision the legislature meant to preserve to cities
and towns the police powers granted in the subdivisions above.

*Appeal from District Court, Silver Bow County; Michael*
*Donlan, Judge.*

ACTION by the City of Butte against the Montana Independ-
ent Telephone Company and F. E. Farwell, its local manager.
From a judgment finding defendants guilty of the violation of
a city ordinance, and from an order denying them a new trial,
defendants appeal.    Affirmed.

*Mr. John F. Davies* and *Mr. T. J. Davis,* for Appellants, submitted a brief; *Messrs. Gunn, Rasch & Hall,* of Counsel; *Mr. M. S. Gunn* and *Mr. Davis* argued the cause orally.

The powers of the municipality or those expressly given by the state, or which may be fairly implied, to carry out powers expressly granted, are those indispensable to the declared objects and powers of the municipality. (*Mt. Pleasant* v. *Beckwith,* 100 U. S. 514, 25 L. Ed. 699; *Himmelmann* v. *Hoadley,* 44 Cal. 213; *Oakland* v. *Carpentier,* 13 Cal. 540; *Lucas* v. *San Francisco,* 7 Cal. 463; *Argenti* v. *San Francisco,* 16 Cal. 255; *Poillon* v. *Brooklyn,* 101 N. Y. 132, 4 N. E. 191; *Ogden City* v. *Bear Lake etc. Irr. Co.,* 16 Utah, 440, 41 L. R. A. 305, 52 Pac. 697; *Gilman* v. *Milwaukee,* 61 Wis. 588, 21 N. W. 640.) Municipal powers are to be strictly construed, and if doubtful as to existence, will not be allowed. (*Douglass* v. *Placerville,* 18 Cal. 643; *Los Angeles City Water Co.* v. *Los Angeles,* 88 Fed. 720; *In re Lee Tong,* 18 Fed. 253, 9 Saw. 333; *Tatum* v. *Tamaroa,* 14 Fed. 103, 9 Biss. 475; *Parker* v. *Baker,* Clarke Ch. (N. Y.) 223.) Ordinarily, an act of incorporation vesting the corporation with certain powers does not divest the state nor its courts of the power vested in them by the general law of the state, unless the act of incorporation so declares. (*Baldwin* v. *Green,* 10 Mo. 410.) It is essential to the validity of municipal ordinances that they should be consistent with federal and state Constitutions, and with the general laws enforced throughout the state. (*Los Angeles County* v. *Hollywood Cemetery Assn.,* 124 Cal. 344, 71 Am. St. Rep. 75, 57 Pac. 153; *Ex parte Lacey,* 108 Cal. 326, 49 Am. St. Rep. 93, 38 L. R. A. 640, 41 Pac. 411; *Foster* v. *Board of Police,* 102 Cal. 483, 41 Am. St. Rep. 194, 37 Pac. 763; *Ex parte Sing Lee,* 96 Cal. 354, 31 Am. St. Rep. 218, 24 L. R. A. 195, 31 Pac. 245; *Ex parte Solomon,* 91 Cal. 440, 27 Pac. 757; *Spring Valley Waterworks* v. *Bartlett,* 16 Fed. 615, 8 Saw. 555; *National Bank of Commerce* v. *Granada,* 48 Fed. 278.)

In view of the declaration in section 14, Article XV, Constitution, and the apparent regulation of the subject, by the legisla-

ture, the power has been retained to regulate this subject by the legislative assembly, and a power so conferred and retained cannot be delegated. (*Johnson* v. *City of Great Falls*, 38 Mont. 369, 16 Ann. Cas. 974, 99 Pac. 1059; *Jernigan* v. *City of Madisonville*, 102 Ky. 313, 39 L. R. A. 214, 43 S. W. 448; *Carlson* v. *City of Helena*, 39 Mont. 82, 17 Ann. Cas. 1233, 102 Pac. 39.)

A general grant of powers by the state to a municipal corporation should not be held to confer authority upon the corporation to make an ordinance punishing an act which is already regulated by the general laws of the state. (Dillon on Municipal Corporation, 5th ed., sec. 632; *Southport* v. *Ogden*, 23 Conn. 128; *Ex parte Solomon*, 91 Cal. 440, 27 Pac. 757; *Moran* v. *Atlanta*, 102 Ga. 840, 30 S. E. 298; *Strauss* v. *Waycross*, 97 Ga. 475, 25 S. E. 329; *Kassell* v. *Savannah*, 109 Ga. 491, 35 S. E. 147; *Hood* v. *Von Glahn*, 88 Ga. 405, 14 S. E. 564; *State* v. *Nashville*, 15 Lea (Tenn.), 697, 54 Am. Rep. 427; *State* v. *Langston*, 88 N. C. 692; *Judy* v. *Lashley*, 50 W. Va. 628, 57 L. R. A. 412, 41 S. E. 197.)

"Where a right or privilege has been acquired by an individual or corporation from the common council of a state, under an Act of the legislature authorizing or granting such a privilege, and if the power to repeal is not reserved, such right so vested cannot be taken away." (*Brooklyn Cent. Ry. Co.* v. *Brooklyn City Ry. Co.*, 32 Barb. (N. Y.) 358; *People* v. *O'Brien*, 111 N. Y. 1, 7 Am. St. Rep. 684, 2 L. R. A. 255, 18 N. E. 692.) "Such a contract, if within the power of a municipality to grant without reserving the power of revocation, or limitations as to time, would create in the grantee an immediate freehold interest in the streets and the rights to use them perpetually." (*Milhau* v. *Sharp*, 27 N. Y. 611, 84 Am. Dec. 314; *Dartmouth College* v. *Woodward*, 4 Wheat. (U. S.) 518, 4 L. Ed. 629.) "Where the city has given the right to lay double tracks in a street, it cannot later be changed to one, if the company has gone to the expense of installing two." (*Burlington* v. *Burlington St. Ry. Co.*, 49 Iowa, 144, 31 Am. Rep. 145.)

An ordinance invalid and unconstitutional in its inception because of lack of power in the municipality to pass such an ordinance, and for a further reason that it controvenes an Act of state law, cannot be made valid and constitutional by a later state statute giving or attempting to delegate the power from the state to the municipality, which had previously existed in the state only, and which, by an unconstitutional ordinance, the municipality had attempted to usurp. (*Crofut* v. *Danbury,* 65 Conn. 294, 32 Atl. 365; *Stange* v. *Dubuque,* 62 Iowa, 303, 17 N. W. 518; *Cain* v. *Goda,* 84 Ind. 209.)

*Messrs. Alexander Mackel, Wm. F. Davis* and *N. A. Rotering,* for Respondent, submitted a brief; *Mr. Davis* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The Montana Independent Telephone Company and Frank E. Farwell, its local manager, were adjudged guilty of violating Ordinance 1030 of the ordinances of the city of Butte, and appealed from the judgment and from an order denying them [1] a new trial. The ordinance in question defines the boundaries of the congested business district in Butte, requires all corporations or individuals maintaining wires within that district for the transmission of electricity for light, heat, power, telephone, telegraph or other purposes, except trolley wires for street railways, to place such wires underground, and provides punishment for disobedience. These appeals challenge the validity of that ordinance.

Our state Constitution (Art. XV, sec. 14) provides: "Any association or corporation, or the lessees or managers thereof, organized for the purpose, or any individual, shall have the right to construct or maintain lines of telegraph or telephone within this state, and connect the same with other lines; and the legislative assembly shall by general law of uniform operation provide reasonable regulations to give full effect to this section."

It is the contention of appellants that the authority to prescribe regulations for the conduct of the telephone and telegraph business is by this provision lodged in the legislature, and since the provision is mandatory and prohibitory (Const., Art. III, sec. 29), the legislative power is exclusive, and cannot be delegated to, or conferred upon, any other body. If this premise is sound, it follows as of course that a city cannot impose any regulations whatever upon either of these industries or interfere in any manner with the conduct of their business, and that a corporation or individual engaged in operating a telegraph or telephone, may enter a city within the state, place its poles, piers and abutments in the streets at will, and prosecute the business without let or hindrance from the city authorities. To sustain this theory, however, involves a complete reversal of the policy pursued since the Constitution was adopted, and likewise the overruling of two recent decisions by this court.

It is a part of the history of this state that since 1889 cities have continuously exercised some measure of regulatory control over the telegraph and telephone business. In *State ex rel. Rocky Mt. Bell Tel. Co.* v. *Mayor etc. of the City of Red Lodge*, 30 Mont. 338, 76 Pac. 758, the telephone company not only recognized the authority of the city to prescribe reasonable regulations for the use of its streets and alleys by the company in erecting poles and other appliances for the wires necessary in the conduct of its business, but instituted *mandamus* proceedings to compel the city to exercise such authority. This court upheld the company's contention, and ordered the peremptory writ to issue, directing the city to designate the places in its streets and alleys where the necessary poles and other appliances might be placed. After considering the question at some length, it was said: "The city council has a twofold duty to perform; (1) To permit the corporation to enter the city; and (2) to designate the location of poles, abutments, *etc.* It does not possess the power to prohibit the one any more than it does to refuse the other. The municipality may, in the exercise of its power, prohibit the erection of these poles in places or in

a manner which will incommode the public; but they cannot
entirely prohibit.   They can only regulate, and the regulation
must be reasonable.''   The suggestion of the proposition is its
own answer.   If the city had no authority to regulate the plac-
ing of telephone poles in its streets and alleys, then it could
not owe a duty to prescribe the regulations enjoined upon it
by this court.

In *State ex rel. Crumb* v. *City of Helena,* 34 Mont. 67, 85
Pac. 744, proceedings similar to those involved in the Red Lodge
case were before us, and again we directed a peremptory writ of
mandate to issue and compelled the city of Helena to designate
the places in its streets and alleys where the poles and other
necessary appliances might be erected to which to attach wires
for the installation of a telephone system.   The writ of mandate
issues only to compel the performance of an act which the law
specially enjoins as a duty resulting from an office, trust or
station.   (Rev. Codes, sec. 7214.)   A city of this state either
has authority to make and enforce any reasonable police regu-
lations affecting telegraphs and telephones, or it has no authority
whatever in the premises.   In each of the foregoing cases we
held, not only that a city has authority to prescribe reasonable
regulations affecting the telephone and telegraph business, but
that the duty to exercise that authority is specially enjoined by
law.   We would not hesitate to overrule those decisions if con-
vinced that they are erroneous; but of their correctness we enter-
tain no doubt, and are unable to agree with appellants that the
authority to regulate these industries is vested in the legislature,
under such circumstances that no part of it can be delegated
to, or conferred upon, the cities of the state.

Ordinance 1030 is a police regulation, and it is the general
rule that unless specifically restricted by the Constitution, the
legislature may delegate to municipal corporations the authority
to exercise the police power through the instrumentality of rea-
sonable rules and regulations.   (*In re O'Brien,* 29 Mont. 530,
1 Ann. Cas. 373, 75 Pac. 196; *Johnson* v. *City of Great Falls,*
38 Mont. 369, 16 Ann. Cas. 974, 99 Pac. 1059.)

Speaking generally, our Constitution is one of limitations. [2] (*Northern Pacific Ry. Co.* v. *Mjelde,* 48 Mont. 287, 137 Pac. 386.) All power is reserved to the people unless provision is made to the contrary. Our legislature may enact laws upon any subject, unless the Constitution of this state or the supreme law of the land presents some obstacle. In the first portion of the section quoted above, the Constitution has withheld one subject from legislative interference. The right of a corporation or an individual to construct and maintain telephone and telegraph lines in this state and connect with other lines is specifically granted. It is true that this granting clause is not self-executing; and while the legislature might by its failure to act render the grant useless, it cannot by any legislative action impair the right, or interfere with its exercise. (*State ex rel. Rocky Mt. Bell Tel. Co.* v. *Mayor etc. of the City of Red Lodge,* above.) The provision quoted, however, does not assume to confer power upon the legislature. After defining the grant, the language is: "And the legislative assembly shall by general law of uniform operation provide reasonable regulations *to give full effect to this section.*" The term "regulations" is not employed in any restrictive sense. It means "rules." But the legislature is not enjoined to make all needful rules for the management or control of telegraphs and telephones, but only such rules as are necessary to make the grant effective. Any statute which would enable a telephone company, a telegraph company, and any individual or individuals engaged in the telegraph or telephone business, to build, equip and operate necessary lines and connect with other lines, would meet fully the constitutional requirement, as for instance, a statute empowering such a corporation or individual to invoke the power of eminent domain and to use or cross the public thoroughfares. Such effective legislation was enacted in 1895 (secs. 1000, 1001, Civ. Code; sec. 2211, Code Civ. Proc.); but the manner in which the right, when made effective, should be exercised was left for proper legislative control without restriction. In *State ex rel. Crumb* v. *City of Helena* above, we construed this constitutional

mandate to require only such legislation as would give full force and effect to the grant; and we are satisfied that the construction was the correct one.

That the telegraph and telephone business is subject to police regulations, is maintained generally. (*Northwestern Tel. Exch. Co.* v. *Minneapolis*, 81 Minn. 140, 53 L. R. A. 175, 83 N. W. 527, 86 N. W. 69; 37 Cyc. 1629.)

In the absence of any constitutional restriction, the authority of the legislature to confer upon cities the power to prescribe and enforce reasonable police regulations for the telegraph and telephone business must be conceded.

It is further insisted that if the legislature has authority to confer such power upon cities, it has not done so; but with [3] this contention we do not agree. In 1895 the legislature enacted section 4800, Political Code (Rev. Codes, sec. 3259), which provides, among other things: ''The city or town council has power: * * * 8. To provide for and regulate street crossings, curbs and gutters; to regulate and prevent the use or obstruction of streets, sidewalks and public grounds, by signs, poles, wires, posting hand bills or advertisements, or any obstruction. * * * 43. To regulate or suppress the erection of poles and the stringing of wires, rods or cables in the streets, alleys, or within the limits of any city or town.'' With knowledge that these statutes were in full force and effect, the legislature in 1907 enacted what is now section 4400, Revised Codes, which defines certain rights of a telegraph, telephone, electric light or electric power line corporation, or a person owning or operating such, and then concludes: ''Nothing herein shall be so construed as to restrict the powers of city or town councils.'' By the use of this language the legislature must have intended to leave cities and towns a free hand to exercise the police powers granted in subdivisions 8 and 43 above; otherwise the expression is meaningless.

Ordinance 1030 is not attacked as unreasonable, and assuming that it is reasonable, the authority of the city to enact and

enforce it is clear, and the conviction of these appellants for their disobedience was proper.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.

Rehearing denied July 7, 1915.